## No. 4077.

### CHOPPIN & WHITE *v.* BLANC & LEGENDRE.

Where judgment *in solido* being rendered against Wallace & Choppin with vendor's privilege on a certain lot of machinery sequestered in the hands of said firm, but released on bond, and after release sold to Choppin & White, successors to the former, an appeal was granted to Wallace and Choppin and no bond was given by said firm, but by Choppin alone for a suspensive appeal; and pending the appeal, the parties who had obtained judgment against Wallace & Choppin issued execution and seized the property released on bond as aforesaid, which execution was injoined by Choppin & White;

Held—That, in answer to the injunction suit, no averment or proof of simulation having been made, the party in possession under a title could not be proceded against in this indirect manner.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. S. P. Blanc,* for defendants and appellants. *B. R. Forman,* for plaintiffs and appellees.

Justices concurring : Howell, Wyly, Kennard, Taliaferro.

TALIAFERRO, J. The defendants in this injunction suit being holders of a promissory note given by Wallace & Choppin to Ivens & Co. in part consideration for a lot of machinery purchased by them, brought suit on the note and sequestered the machinery claiming to be subrogated to the vendor's privilege upon it. The property sequestered was released on bond. It seems that after the release, the machinery was sold to Choppin & White the present plaintiffs. The suit brought against Wallace & Choppin by the defendants was brought against the partnership and individually also against each of the persons composing the firm.

Judgment was rendered against them *in solido* with vendor's privilege on the property sequestered. An appeal was granted on motion, to the firm of Wallace & Choppin; but no bond was given by the firm. Choppin, one of the firm gave bond individually for a suspensive appeal; and pending this appeal, Blanc & Legendre issued execution and seized the machinery and caused it to be advertised for sale. Choppin & White thereupon obtained an injunction to stay the proceedings. On trial of the injunction in the court below the injunction was perpetuated but without damages. From this judgment the defendants have appealed. The defendants in injunction contend that the property seized is partnership property, and as the partnership has not prosecuted its appeal, the appeal alone and individually of Chop-

pin does not bar the defendants from proceeding against the partnership property.

The evidence shows that after the release of the sequestration under bond the property seized was sold to Choppin & White; there is no allegation set up in answer to the injunction suit that this sale was a simulation. The party in possession under a title, can not be proceeded against in this indirect manner, no averment or proof being made of simulation.

It is therefore ordered that the judgment of the district court be affirmed with costs.

Rehearing refused.